# STATE OF MICHIGAN

# COURT OF APPEALS

DKE, INC.,

Plaintiff-Appellant,

v

SECURA INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
November 6, 2018

No. 333497; 337834
Oakland Circuit Court
LC No. 2005-068745-CK

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

O'CONNELL, P.J. (*dissenting*).

I respectfully dissent.

When one burns a building to collect the insurance proceeds, the arsonist should not be able to collect the insurance benefits. This is exactly what occurred in the present case. I find no error in the trial court's instructions to the jury.[1] I would affirm the learned trial court and the jury verdict.

From the testimony at the jury trial in this matter, it is factually clear that Patrick Winter controlled every aspect of plaintiff-corporation. Using the technical words of the majority's opinion, Patrick had complete dominion and control over the affairs of plaintiff-corporation. See *United Gratiot Furniture Mart, Inc v Mich Basic Prop Ins Ass'n*, 159 Mich App 94, 101; 406 NW2d 239 (1987). Not one scintilla of evidence introduced at trial establishes that anyone else exercised any dominion or control over plaintiff-corporation.

More importantly, this control was to the exclusion of all others. The only asset to the corporation was the burned premises, which was under the complete control of Patrick, the

---

[1] The majority's hairsplitting analysis may be relevant when the arsonist is a shareholder, employee, manager or in some other relationship to a corporation, but this corporation was set up for the sole benefit of Patrick Winter. When the person who controls the corporation and exercises complete dominion over every aspect of the corporation, including its profits, loses, and equity, to the exclusion of others, a piercing of the corporate veil results in the arsonist being denied the fruits of his unlawful conduct.

-1-

arsonist, whom the jury concluded burned the building to collect the insurance proceeds. I conclude that it is a complete waste of judicial resources for this Court to remand this case for a new trial, especially since *United Gratiot*, 159 Mich App at 102-103, concludes that a jury instruction generally referring to the arsonist's control—without modifying adjectives—did not warrant reversal of the jury verdict because there was no evidence that the arsonist did not exclusively control the corporation.[2]

The majority opinion concludes that the second trial court judge sidestepped the law of the case. This may or may not have occurred because of the four-year delay in the trial court proceedings and the retirement of the first trial court judge. This alone, however, does not mean that the jury was not properly instructed and that a new trial is warranted.[3]

---

[2] I conclude the jury instructions adequately set forth the law. The trial court instructed the jury as follows:

> Defendant has the burden of proof on the following proposition:
>
> (1) That Patrick Winter, to who the property was entrusted, had dominion and control over the affairs of the corporation DKE Inc. and the property at 21751 W. Nine Mile Road;
>
> * * *
>
> The Defendant insurance company is not required to pay for this loss if you find that a person in sufficient control of DKE, Inc. committed arson.
>
> * * *
>
> Exactly how much control constitutes sufficient control is a decision left to your good judgment.
>
> * * *
>
> The fact that an alleged arsonist is not a stockholder of the corporation at the time of the fire does not in and of itself mean that the alleged arsonist was not exercising the requisite amount of dominion and control over the affairs of the corporation to preclude coverage of the claim.
>
> * * *
>
> If Patrick Winter exercised sufficient control over the corporation DKE's affairs, any action of arson on his part would be imputed to the corporation.

In addition, the verdict form included the question, "On October 4, 2004, was Patrick Winter a person with sufficient control over the affairs of DKE, Inc., to impute his actions to DKE, Inc.?"

[3] Notwithstanding the majority's discussion of the law of the case doctrine, the distinction between the majority opinion and the dissent is that I conclude that the jury was in fact properly instructed under the current state of the law, stated in *United Gratiot*, 159 Mich App at 102-103. The law of the case doctrine cannot be used as a vehicle to misinstruct the jury.

Under this unique set of facts, it is irrelevant whether the jury instruction read "complete" control or "sufficient" control because, as a matter of fact, Patrick Winter exercised both. Based upon these facts, I conclude the jury instructions were not in error. But, as in *United Gratiot*, 159 Mich App at 103, on the outside chance that error could be gleaned from said instructions, the error was harmless.

I would affirm the jury verdict.

/s/ Peter D. O'Connell